IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SAMUEL H. MWABIRA-SIMERA, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. RDB-19-3320 |
| MORGAN STATE UNIVERSITY, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On June 12, 2020, this Court entered its Order (ECF No. 22), granting Defendants Morgan State University, Kevin Banks, Tanyka Barber, Linda Farrar, Mark Garrison, Kenneth Jackson, T. Joan Robinson, Marcia Shepperson, Kara Turner, Raymond Vollmer, and David Wilson's (collectively, "Defendants") Motion to Dismiss. Now pending is Plaintiff Samuel H. Mwabira-Simera's ("Plaintiff" or "Mwabira-Simera") Motion for Reconsideration.[1] (ECF No. 26.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Mwabira-Simera's Motion for Reconsideration ECF No. 26) is DENIED.

---

[1] Also pending are the following motions filed by Plaintiff: Motion to Appoint Counsel (ECF No. 23); Motion Requesting Court to Consider Plaintiff's Motion for Adding Defendants (ECF No. 24); Motion for Extension of Time (ECF No. 28); Motion to Appoint Counsel (ECF No. 29); Motion to Reopen Case (ECF No. 30); Motion to Appoint Counsel (ECF No. 31); and Motion for Ancillary to Amend/Correct Complaints (ECF No. 32). Because this Court will deny Plaintiff's Motion for Reconsideration, this case remains closed and these ancillary motions (ECF Nos. 23, 24, 28, 29, 30, 31, and 32) shall be DENIED AS MOOT.

**BACKGROUND**

On November 19, 2019, Plaintiff filed a *pro se* Complaint against Defendants alleging various claims related to his expulsion from Morgan State University in October of 2013. (Compl., ECF No. 1.) On April 8, 2020, Defendants filed a Motion to Dismiss pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 18.) Plaintiff did not file a timely response to Defendants' Motion to Dismiss and, on May 12, 2020, this Court issued a Show Cause Order for Plaintiff to show cause why Defendants' Motion should not be granted and why the dismissal should not be with prejudice. (ECF No. 21.) Plaintiff did not respond to this Court's Show Cause Order. Accordingly, on June 12, 2020, this Court granted Defendants' Motion to Dismiss with prejudice, directing the Clerk of this Court to close this case. (ECF No. 22.)

On August 5, 2020, Plaintiff filed the presently pending Motion for Reconsideration, seeking to reopen this case and add an extra address due to the COVID-19 Pandemic and explaining that he had been involved in a car accident in February of 2020. (ECF No. 26.)

**STANDARD OF REVIEW**

Mwabira-Simera does not cite under which Federal Rule of Civil Procedure he seeks reconsideration. Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment, while Rule 60 provides for relief from judgment. *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011). As this Court explained in *Cross v. Fleet Reserve Ass'n Pension Plan*, WDQ-05-0001, 2010 WL 3609530, at *2 (D. Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59(e) & 60(b). A motion

      to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

(footnote omitted).  Mwabira-Simera did not file his motion within 28 days of this Court's Order granting Defendants' Motion to Dismiss, instead filing it nearly two months later.  Accordingly, Rule 60(b) governs this Court's analysis.

      Rule 60(b) of the Federal Rules of Civil Procedure empowers this Court to "relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b).  "To support a motion for relief from an Order under Rule 60(b), the moving party must show 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Ericksen v. Kaplan Higher Educ., LLC*, No. RDB-14-3106, 2016 WL 7377154, at *1 (D. Md. Dec. 20, 2016) (quoting *Hale v. Belton Ass'n, Inc.*, 305 F. App'x 987, 988 (4th Cir. 2009)).  If these three threshold requirements are satisfied, the moving party must then demonstrate one of the six grounds for relief authorized by the Rule:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment.

*Id.*; *see* Fed. R. Civ. P. 60(b).  The moving party "must clearly establish the grounds [for its motion] to the satisfaction of the district court," and those grounds "must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (internal citations omitted).  "Rule 60(b) provides extraordinary relief and may only be invoked under 'exceptional circumstances.'" *Mines v. United States*, No. WMN-10-520, 2010 WL 1741375, at

\*2 (D. Md. Apr. 28, 2010) (quoting *Compton v. Alton Steamship Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1982)). These motions "impose a more onerous burden on the moving party because these motions request relief from judgments, implicating interests in 'finality and repose.'" *Ma v. CaerVision Corp.*, No. RDB-15-1059, 2016 WL 3087449, at \*2 (D. Md. Jun. 2, 2016). The decision to grant or deny a Rule 60(b) motion is a matter of the District Court's discretion. *Id.*

## ANALYSIS

This Court recognizes that Plaintiff is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, Plaintiff has not met the high bar he faces to succeed on his Motion for Reconsideration. This Court granted Defendants' Motion to Dismiss because Plaintiff consistently failed to meet the required deadlines in the prosecution of his case despite warnings from this Court that his failure to respond could result in the dismissal of his case with prejudice. (*See* ECF Nos. 19, 21.)

Mwabira-Simera's *pro se* status does not absolve him of the duty to plead adequately. *See Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (*citing Anderson v. Univ. of Md. Sch. Of Law*, 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990)). Plaintiff's only argument for alteration or amendment seems to be that the Court should excuse his failure to comply with its Orders because of the COVID-19 Pandemic, that he has an additional mailing address, and that he was involved in a car accident in February of 2020. (ECF No. 26.) Plaintiff wholly fails to explain how the COVID-19 Pandemic or his involvement in a car accident affected his ability to respond to pleadings in his case. To the extent that Plaintiff argues that a change in address caused his failure to comply with the

Court's Orders, Local Rule 102.1.b.iii requires a plaintiff to inform the Court of any change in address. Plaintiff did not do so. Nor does it appear that Plaintiff has actually changed his address, as he has continued to sign his pleadings with the same address used in his original filings. (*See* ECF Nos. 23, 24, 26, 28, 29, 30, 31, 32.)

In his August 5, 2020 submission, Plaintiff provides no clarification as to his claims or newly discovered evidence in support thereof. (*See* ECF No. 26.) Indeed, he does not state any reasons why the Complaint should not be dismissed for the reasons stated in the Motion to Dismiss. (*Id.*) Accordingly, this Court concludes that Plaintiff has failed to meet his burden for the extraordinary remedy of reconsideration of a judgment after its entry.

## CONCLUSION

For the foregoing reasons, it is this 29th day of January, 2021, HEREBY ORDERED that:

1. Plaintiff's Motion for Reconsideration (ECF No. 26) is DENIED;

2. Plaintiff's Motion to Appoint Counsel (ECF No. 23), Motion Requesting Court to Consider Plaintiff's Motion for Adding Defendants (ECF No. 24), Motion for Extension of Time (ECF No. 28), Motion to Appoint Counsel (ECF No. 29), Motion to Reopen Case (ECF No. 30), Motion to Appoint Counsel (ECF No. 31), and Motion for Ancillary to Amend/Correct Complaints (ECF No. 32) are DENIED AS MOOT; and

3. The Clerk of the Court transmit copies of this Memorandum Order to Counsel and to Plaintiff at his last known address.

_____/s/_____
Richard D. Bennett
United States District Judge